# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-CV-00032-AB (MAAx) | Date: | January 11, 2021 |
|---|---|---|---|

| Title: | *Election Integrity Project California, Inc., et al. v. Alex Padilla, et. al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE [DKT. NO. 21]**

Before the Court is Plaintiffs Election Integrity Project California, Inc., James P. Bradley, Aja Smith, Eric Early, Alison Hayden, Jeffrey Gorman, Mark Reed, Buzz Patterson, Mike Cargile, Kevin Cookingham and Greg Rath's (collectively "Plaintiffs") *ex parte* application for a temporary restraining order ("Application," "App.") and for an order to show cause why a preliminary injunction should not issue. (Dkt. No. 21.) Defendants Orange County Registrar of Voters, San Bernardino County Registrar of Voters, Riverside County Registrar of Voters, Fresno County Registrar of Voters, Santa Clara County Registrar of Voters, California Governor Gavin Newsom, California Secretary of State Alex Padilla, and California Attorney General ("Opposing Defendants") oppose Plaintiffs' *ex parte* Application. (each, an "Opp'n," Dkt. Nos. 27, 28, 29, 31, 32, 33). For the reasons stated below, the Court **DENIES** Plaintiffs' *ex parte* Application.

//
//

## I. BACKGROUND

This case arises from Defendants' alleged election fraud during the 2020 General Election. (*See generally* Compl.). Plaintiffs are a non-profit corporation, registered California voters, and Congressional Candidates. (Compl., ¶¶ 14-24). Defendants are California's Governor, Secretary of State, Attorney General, ("State Defendants"), and the Registrar of Voters for 13 counties (together with the "State Defendants," the "Defendants") (Compl., ¶¶ 25-40).

Plaintiffs filed their complaint on January 4, 2021. ("Complaint," Dkt. No. 1). Plaintiffs now file their *ex parte* Application for a temporary restraining order. (App.).

## II. LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *NML Capital Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1117 (C.D. Cal. May 25, 2011) (internal quotation marks omitted). A party seeking a temporary restraining order accordingly must establish that: (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable injury in the absence of preliminary relief, (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Because a preliminary injunction is an extraordinary and drastic remedy . . . the party seeking the injunction must present evidence sufficient to clearly carry [its] burden of persuasion on each requirement." *See A&A Int'l Apparel, Inc. v. Xu*, No. CV 15-644-GW(AGRx), 2015 WL 12850544, at *2 (C.D. Cal. Jan. 29, 2015) (internal quotation marks and citations omitted) (alteration added). A plaintiff faces an exceedingly high burden when seeking such relief on an *ex parte* basis. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures").

## III. DISCUSSION

Plaintiffs seek a temporary restraining order that prevents Defendants from destroying, modifying or altering 24 categories of election-related documents or other materials which are related to Plaintiffs' underlying claims. (App., p. 3-6). Plaintiffs' request fails on both procedural and substantive grounds.

### A. Plaintiffs Failed to Comply with Local Rules

Plaintiffs failed to fully comply with Local Rule 7-19.1. Local Rule 7-19.1 requires counsel "to make reasonable, good faith efforts *orally* to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application[.]" L.R. 7-19.1 (emphasis added). The local rules require oral notice to ensure that defendants have actual notice of emergency motions against them, and an opportunity to respond. *Fin. Indus. Regulatory Auth., Inc. v. Training Consultants*, LLC, 2012 WL 13020027, at *1 (C.D. Cal. Aug. 28, 2012).

Here, Plaintiffs state that they *emailed* the Application to the Defendants. (App., Kroot Decl.; "Proof of Service," Dkt. No. 26). Additionally, according to four of the Opposing Defendants and as confirmed by Plaintiffs' counsel's declaration, Plaintiffs emailed a copy of the Complaint and the Application to general mailboxes that are used to assist the general public. (Orange County Registrar of Voters Opp'n, p. 6, Dkt. No. 27; Riverside County Registrar of Voters Opp'n, p. 3, Dkt. No. 29; Fresno County Registrar of Voters Opp'n, p. 6, Dkt. No. 32; Santa Clara County Registrar of Voters Opp'n, p. 4, Dkt. No. 33; *see also* Application, Kroot Decl., Exh. 1). Such email addresses included "voterinfo@saccounty.net" and info@votescount.com. (*See* App., Kroot Decl., Exh. 1). Thus, not only did Plaintiffs not attempt to give oral notice of the Application to Defendants, Plaintiffs also did not appear to make a reasonable effort to apprise Defendants of this emergency Application at all.

Accordingly, the Court finds that Plaintiffs did not make a reasonable, good faith effort to orally advise counsel of their Application or to seek to ascertain the Defendants' position with respect to the Application, all in violation of Local Rule 7-19-1. While the Court may deny Plaintiffs' Application on procedural grounds alone, the Court finds that the Application fails on substantive grounds as well.

### B. Plaintiffs fail to demonstrate irreparable injury in the absence of a temporary restraining order

Plaintiffs fail to provide evidence supporting their claim of irreparable injury should a temporary restraining order not issue. As an initial matter, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *See Herb Reed Enterprises, LLC v. Florida Entmt. Mgmt., Inc.*, 736 F. 3d 1239, 1251 (9th Cir. 2013). A party may not rely on "unsupported and conclusory statements regarding harm [Plaintiff] might suffer." *Id.* at 1250; *see*

*also Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 974–75 (C.D. Cal. 2016).

Here, Plaintiffs merely state that "[e]mergency action is needed due to the imminent possibility of evidence tampering." (App., p. 36). However, federal law imposes on all litigants a "duty to preserve evidence it knows or should know is relevant to imminent litigation." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006). Additionally, California Elections Code sections 17300 to 17306 require retention of election documents and materials for 22 months after an election. *See Citizens Oversight, Inc. v. Vu*, 35 Cal.App.5th 612, 618, 247 Cal.Rptr.3d 521, 525 (2019). Plaintiffs do not identify any reason for this Court to believe that Defendants will flout these legal obligations. Plaintiffs' Application and Complaint is devoid of any indication that tampering of evidence has occurred or is being contemplated or planned. In fact, while not required, certain Opposing Defendants avowed that they will *not* destroy evidence. (State Defendants Opp'n, p. 5, Dkt. No. 31; San Bernardino Opp'n, Page Decl., Dkt. No. 28-1). State Defendants also point to an office memorandum that was sent to all California County Clerks and Registrars of Voters reminding them of the state retention requirements. (State Defendants' Opp'n, p. 4, Dkt. No. 31).

Plaintiffs have not shown any valid reason or need to order Defendants not to destroy evidence. Thus, Plaintiffs have not shown that irreparable harm, in the form of any such destruction, is likely in the absence of a temporary restraining order. Because Plaintiffs have not made this showing, the Court need not address the remaining elements.

For the reasons stated above, Plaintiffs' *ex parte* Application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue is **DENIED**.

**IT IS SO ORDERED**.