**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELECTION INTEGRITY PROJECT CALIFORNIA, INC.; JAMES P. BRADLEY; AJA SMITH; ERIC EARLY; ALISON HAYDEN; JEFFREY GORMAN; MARK REED; BUZZ PATTERSON; MIKE CARGILE; KEVIN COOKINGHAM; GREG RATHS; CHRIS BISH; RONDA KENNEDY; JOHNNY NALBANDIAN,<br><br>      Plaintiffs-Appellants,<br><br>v.<br><br>SHIRLEY WEBER, California Secretary of State; ROB BONTA, California Attorney General; GAVIN NEWSOM, Governor of the State of California; REBECCA SPENCER, Riverside County Registrar of Voters; DEAN LOGAN, Los Angeles County Registrar of Voters; MARK A. LUNN, Ventura County Registrar of Voters; BOB PAGE, San Bernardino County Registrar of Voters; CLAUDIO VALENZUELA, Monterey County Registrar of Voters; COURTNEY BAILEY-KANELO, Sacramento County Registrar of Voters; TIM DUPUIS, | No.   21-56061<br><br>D.C. No.<br>2:21-cv-00032-AB-MAA<br><br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Alameda County Registrar of Voters; DEBORAH R. COOPER, Contra Costa County Registrar of Voters; SHANNON BUSHEY, Santa Clara County Registrar of Voters; JOE PAUL GONZALEZ, San Benito County Registrar of Voters; GAIL L. PELLERIN, Santa Cruz County Registrar of Voters; NEAL KELLEY, Orange County Registrar of Voters; JAMES A. KUS, Fresno County Registrar of Voters,

          Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted September 23, 2022
Pasadena, California

Before: IKUTA, FORREST, and H.A. THOMAS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge H.A. THOMAS

      The Election Integrity Project California (EIPCa) and several recent and future congressional candidates appeal the district court's order dismissing their Due Process Clause, Equal Protection Clause, Guarantee Clause, and Elections Clause claims against various state and local officials for lack of Article III standing.  Our jurisdiction is governed by 8 U.S.C. § 1291.

EIPCa has organizational standing because its complaint adequately alleges "that the defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 663 (9th Cir. 2021). The complaint explains EIPCa's mission is to "focus[] on the voting process, so that every lawfully cast vote is accurately counted" and to use the observations of its volunteers to "advocate for greater election integrity," and that California's regulations have frustrated its mission by "lead[ing] to pervasive irregularities in the election process that threaten to disenfranchise California voters."[1]

Further, the complaint alleges that EIPCa was forced "to expend significant additional resources to facilitate observation of voting practices and document obstruction and irregularities." An organization's devotion of "significant resources to counteract the defendants' practices," *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 879 (9th Cir. 2022) (citation and internal quotation marks omitted), including "[d]iverted staff time," *see Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 46 F.4th 1075, 1089 (9th Cir. 2022), constitutes "a concrete and demonstrable injury," *Sabra*, 44 F.4th at 879 (citation and internal quotation marks omitted).

---

[1] EIPCa's motion for judicial notice (Dkt. 18) is GRANTED.

Because EIPCa adequately alleged both a frustration of its mission and a diversion of its resources, we reject the defendants' argument that EIPCa manufactured its injury by "choosing to spend money fixing a problem that otherwise would not affect the organization at all." *E. Bay Sanctuary Covenant*, 993 F.3d at 663 (citation omitted). And contrary to the dissent, the complaint plausibly alleges that it will need to continue to divert such resources in the future. According to the complaint, California has enacted legislation requiring every active registered voter in California to receive a vote-by-mail ballot, and the state has not developed procedures to ensure that only eligible voters will receive such ballots in the future. The complaint further alleges that California's Secretary of State promulgated regulations that prevent meaningful standards from being applied to verify signatures on vote-by-mail ballots. According to the complaint, these inadequate processes give rise to "massive opportunities for both error and fraud," and "[b]ecause the same or substantially similar laws, regulations, orders and practices are governing and will govern upcoming elections, the same situation will repeat" in future elections. We have long held that a threatened injury may constitute an injury in fact where, as here, there is "a credible threat of harm" in the future, *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010), rather than a speculative fear "of hypothetical future harm," *Clapper v. Amnesty Int'l*

*USA*, 568 U.S. 398, 416 (2013).  Because "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to show standing, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), EIPCa's allegations of injury suffice for a motion to dismiss.

EIPCa's complaint also adequately alleged traceability and redressability. Because EIPCa's alleged injury stems from California's vote-by-mail and signature verification policies, and from the procedures for sending out ballots to the current voter rolls, it is traceable to the election officials implementing those policies.  *See Meese v. Keene*, 481 U.S. 465, 476 (1987).  By the same token, EIPCa can obtain relief from those injuries if the court enjoins those responsible for enforcing these policies. *See Mecinas v. Hobbs*, 30 F.4th 890, 900 (9th Cir. 2022).  Given that EIPCa alleges a credible fear of future harm based on the implementation and enforcement of statutory and regulatory provisions by state officials, we disagree with the dissent that EIPCa's standing relies on "speculative allegations about illegal future action by third parties." **Dissent at 3**.

"[I]n cases seeking injunctive or declaratory relief, only one plaintiff need demonstrate standing to satisfy Article III." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022).  Because EIPCa

5

has standing, we do not need to reach the question whether any other plaintiff has standing to reverse the district court's judgment. *See Mecinas*, 30 F.4th at 897.

We affirm the district court's dismissal of the plaintiffs' Guarantee Clause claims because they present nonjusticiable political questions. *See Rucho v. Common Cause*, 139 S. Ct. 2484, 2506–07 (2019); *Murtishaw v. Woodford*, 255 F.3d 926, 961 (9th Cir. 2001). Even if there were an exception to non-justiciability of a Guarantee Clause claim in extreme circumstances, *see New York v. United States*, 505 U.S. 144, 185 (1992), no such circumstances are present here.

We vacate the district court's holding that it lacked jurisdiction and remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART; VACATED IN PART; REMANDED IN PART.**[2]

---

[2] Each party will bear its own costs on appeal.

FILED

NOV 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Election Integrity Project of California, Inc., et al. v. Weber, et al.*, 21-56061

H.A. THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Supreme Court precedent renders Plaintiffs' claim under the Guarantee Clause nonjusticiable, and concur in the portion of the majority's decision affirming dismissal of that claim. I disagree, however, with the majority's conclusion that Plaintiffs have adequately alleged organizational standing for Election Integrity Project of California, Inc. (EIPCa). I therefore respectfully dissent from the majority's decision to reverse the district court's dismissal of Plaintiffs' Equal Protection, Due Process, and Elections Clause claims.

The crux of EIPCa's theory of organizational standing is that because "California dramatically changed their election procedures, EIPCa has had to expend additional resources to educate voters and observers," with a view towards "facilitat[ing] observation of voting practices and document[ing] obstruction and irregularities." Assuming Plaintiffs have adequately alleged that EIPCa diverted resources in order to avoid a constitutionally cognizable injury, *see Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 879 (9th Cir. 2022), their theory of standing fails for lack of causation.[1]

---

[1] As a threshold matter, it is also unclear how EIPCa "would have suffered some other injury if it had not diverted resources to counteracting the problem[s]"

Plaintiffs' causation theory regarding EIPCa's organizational standing relies on the following allegations: (1) the state's election laws make "potential . . . fraud" and disparate treatment of ballots between counties more likely, so (2) EIPCa must spend money and resources to "facilitate observation of voting practices and document obstruction [of observers] and irregularities." It is certainly true that an organization can establish standing by alleging that "the defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." *Sabra*, 44 F.4th at 879 (quoting *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 663 (9th Cir. 2021)). But as the Supreme Court

---

alleged in the amended complaint. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010).

      As to their equal protection and due process theories, Plaintiffs allege EIPCa diverted resources to avoid either (1) the dilution of lawfully cast ballots by fraudulent ones, or (2) the disparate evaluation of ballots between counties. No cognizable injury is adequately alleged under either theory. *See Bognet v. Sec'y Commonwealth of Pennsylvania*, 980 F.3d 336, 354 (3d Cir. 2020), *cert. granted, judgment vacated sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021); *Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020) ("Vote dilution in this context is a paradigmatic generalized grievance that cannot support standing." (quoting *Bognet*, 980 F.3d at 356)); *Bush v. Gore*, 531 U.S. 98, 104–05, 109 (2000) (recognizing that "local entities, in the exercise of their expertise, may develop different systems for implementing elections").

      And Plaintiffs' only alleged injury under the Elections Clause—that the Clause has not been followed—is "precisely the kind of undifferentiated, generalized grievance about the conduct of government that [courts] have refused to countenance in the past." *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (rejecting standing where "the only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed").

made clear in *Clapper v. Amnesty International USA*, a reliance on speculative allegations about illegal future action by third parties forecloses Plaintiffs from establishing Article III causation. 568 U.S. 398, 414 (2013); *see also id.* at 415–16 (rejecting the notion that "an enterprising plaintiff" can "manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"); *accord Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1014–15 (9th Cir. 2021) (rejecting as too attenuated a theory of standing hinging on the "unreasonable response of third parties" to the challenged policy).

  EIPCa's theory of standing boils down to the notion that California's allegedly lax voting procedures will prompt third parties to commit voter fraud, or that they will lead election officials to misapply statewide balloting standards across different counties. The illegal casting of fraudulent ballots by would-be voters, or the misapplication of state law by those charged with implementing it, represent unreasonable third-party responses insufficient to establish standing. Such outcomes are also wholly speculative, even taking all the allegations in the amended complaint as true. Because EIPCa has thus not alleged an adequate link

between Defendants' challenged conduct and its diversion of resources, I would affirm the district court's dismissal of this case for lack of standing.[2]

---

[2] Because "only one plaintiff need demonstrate standing to satisfy Article III" when the plaintiffs seek injunctive or declaratory relief, the majority does not address whether the individual Plaintiffs have established standing here. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022). Because, in my view, EIPCa has not established standing, I would reach the question of whether the individual Plaintiffs have done so and would conclude that they have not, for many of the same reasons given by the district court.